IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Cassandra Boles, | ) | C/A No. 1:24-7283-MGL-PJG |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| James M. Wyman, | ) | |
| | ) | |
| Trustee. | ) | |
| | ) | |

Appellant Cassandra Boles filed this *pro se* appeal of a final order from the United States Bankruptcy Court for the District of South Carolina. This court generally has appellate jurisdiction to hear bankruptcy appeals pursuant to 28 U.S.C. § 158(a). This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) for initial review.[1]

**I.      Background**

Appellant filed a timely notice of appeal of the dismissal of her Chapter 13 bankruptcy case on December 12, 2024. On December 13, 2024, the Bankruptcy Court transmitted the notice of appeal to this court, along with a copy of the Order of Dismissal. (ECF No. 1.) The same day, the bankruptcy clerk sent Appellant a letter informing her that, pursuant to 28 U.S.C. § 1930 and Federal Rule of Bankruptcy Procedure 8003, Appellant's notice of appeal must be accompanied by a filing fee of $298.00. The letter directed Appellant to submit the required filing fee by December 22, 2024. On January 28, 2025, the bankruptcy clerk filed a "Transmittal of Record on Appeal," in which the clerk noted that Appellant had not paid the appeal fee or designated items or issues for the appellate record. (ECF No. 3.)

---

[1] The docket number for the Bankruptcy Court case is Case No. 23-03321-JD. The parties must use the civil action number listed above (C/A No. 1:24-7283-MGL-PJG) when they file briefs, motions, or other documents in this appeal.

Review of the bankruptcy docket shows that Appellant was represented by counsel throughout her bankruptcy proceedings and that her counsel attempted to withdraw the *pro se* notice of appeal. On February 10, 2025, the court informed Appellant that her counsel would need to enter an order of appearance in this court, or she would need to retain counsel, otherwise she would be considered a *pro se* litigant. (ECF No. 4.) The court also advised Appellant that her case would be subject to summary dismissal if she failed to pay the appeal fee to the bankruptcy court or otherwise failed to follow the Federal Rules of Bankruptcy Procedure. Appellant has not responded to that order and the time to do so has expired. In addition, no attorney has appeared on behalf of Appellant in this court and there is no indication that she has paid the required appeal fee.

## II.     Discussion

It is well established that "[i]f an appellant violates one of the rules of bankruptcy procedure, the district court may dismiss the appeal." In re Weiss, 111 F.3d 1159, 1173 (4th Cir. 1997), cert. denied, McGahren v. First Citizens Bank & Trust Co., 522 U.S. 950 (1997). Rule 8001(a) of the Federal Rules of Bankruptcy Procedure provides, in pertinent part, as follows: "An appellant's failure to take any step other than timely filing a notice of appeal does not affect the validity of the appeal, but is ground only for such action as the district court or bankruptcy appellate panel deems appropriate, which may include dismissal of the appeal." However, before a court may dismiss an appeal for violation of a procedural rule, it must take at least one of the following steps: (1) make a finding of bad faith or negligence; (2) give the appellant notice or an opportunity to explain the delay; (3) consider whether the delay had any possible prejudicial effect on the other parties; or (4) indicate that it considered the impact of the sanction and available alternatives. In re Serra Builders, Inc., 970 F.2d 1309, 1311 (4th Cir. 1992).

Here, Appellant's failure to pay the appeal fee violates Federal Rule of Bankruptcy Procedure 8003(a)(3)(C).[2] As discussed above, Appellant received notice of the required fee from both the bankruptcy clerk and this court. Despite being granted an opportunity to do so, Appellant has not cured the error or explained the delay. In fact, the court has not received any direct communication from Appellant in this case. Based on the foregoing, there is no appropriate sanction short of dismissal.

**III.     Recommendation**

Accordingly, it is recommended that this bankruptcy appeal be dismissed.

March 13, 2025  
Columbia, South Carolina

Paige J. Gossett  
UNITED STATES MAGISTRATE JUDGE

*The parties' attention is directed to the important notice on the next page.*

---

[2] Appellant has also violated Rule 8009, which requires an appellant to file with the bankruptcy clerk a designation of the items to be included in the record on appeal and a statement of the issues to be presented.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).